UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
: 
UNITED STATES OF AMERICA : Crim. No. 3:19CR8(VLB)(WIG)
:
v. :
:
Meem Jannat : July 1, 2020
:
------------------------------------------------------x

## FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned by United States District Judge Vanessa L. Bryant, and a hearing was conducted on July 1, 2020, in open court and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to enter a plea of "Guilty" to Count Five of the Superseding Indictment charging her with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349. Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement and the plea petition; I find the following:

- that the defendant is competent to plead;

- that she understands the charges against her;

- that she knows she has the right to be represented by counsel at trial and at

1

every other stage of the proceeding, and is satisfied with her current counsel;

- that she understands her right to trial, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

- that she knows the maximum possible sentence including the maximum possible terms of imprisonment and supervised release, the mandatory minimum terms of imprisonment and supervised release, the maximum potential fine that could be imposed and the resulting forfeiture set forth in the plea agreement;

- that she knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that she understands the potential immigration consequences and the other collateral consequences of a felony conviction;

- that she knows she will not be permitted to withdraw her plea of guilty if the sentence imposed is other than she anticipates;

- that she understands her right to appeal;

- that there is a factual basis for the defendant's plea; and

- that the defendant's waiver of rights and plea of guilty have been knowingly and voluntarily made and not coerced.

The Court conducted this hearing by video conference, pursuant to section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court finds that proceeding by video is appropriate as to the felony change of plea hearing, pursuant to Section 15002(b)(2)(A). Specifically, the Court finds:

1. The Chief Judge of this Court has made findings that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure ... cannot be conducted in person without seriously jeopardizing public health and safety."

2. The plea in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth in more detail on the record in open court today.

3. The defendant consented to proceed by video, after consultation with counsel.

The Court also finds that, to the extent the requirements of 18 U.S.C. § 3771 apply in this matter, the government has met its obligations under that provision.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty be accepted.

Dated this 1st day of July, 2020, at Bridgeport, Connecticut.

/s/ William I. Garfinkel, USMJ

**William I. Garfinkel,**
**United States Magistrate Judge**